DONALD H. CRAM (State Bar No. 160004)
dhc@severson.com
BERNARD J. KORNBERG (State Bar No. 252006)
bjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Renew Financial Group LLC, Renew Financial I, LLC, Renew Financial Holdings Inc., and the County of Los Angeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FREDERICK F. McSWEENEY,<br><br>Plaintiff,<br><br>vs.<br><br>YGRENE ENERGY FUND, INC. et al.,<br><br>Defendants. | Case No. 2:19-cv-05509<br><br>**ANSWER TO COMPLAINT**<br><br>Judge: Michael W. Fitzgerald<br>Magistrate: Patrick J. Walsh<br><br>Trial Date:     NONE SET |

Defendants Renew Financial Group LLC, Renew Financial I, LLC, Renew Financial Holdings Inc., and the County of Los Angeles ("Defendants")[1] admit and deny the allegations set forth in plaintiff Frederick F. McSweeney's ("Plaintiff") complaint ("Complaint") as follows:

**THE PARTIES**

1.     Defendants have insufficient information to either admit or deny this

---

[1] The complaint also names Renew Financial Group, Inc., Renew Financial I, Inc., and Renew Financial Holdings, LLC as defendants. These entities, to the extent they exist, are not affiliated with Defendants.

allegation and on that basis deny the allegation.

2. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

3. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

4. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

5. Admit.

6. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

7. Admit.

8. Admit.

9. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

10. Admit that Defendant County of Los Angeles is a county in the State of California. The remainder of this allegation is too vague and overbroad to admit or deny, and on that basis, Defendants deny the allegation.

11. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

12. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

13. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

14. This allegation neither calls for admission or denial.

15. This allegation neither calls for admission or denial.

16. This allegation neither calls for admission or denial.

**JURISDICTION AND VENUE**

17. Deny.

18. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

19. To the extent this Court has jurisdiction, Defendants do not contest venue.

**JURISDICTION AND VENUE**

20. This allegation contains prefatory language to which Defendants are neither obligated to admit or deny. To the extent a response is required, Defendants deny the allegation.

21. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

22. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

23. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

24. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

25. Deny.

26. Deny.

27. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

28. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

29. Deny. The Agreement to Pay Assessment and Finance Improvements is a separate contract.

30. Admit that Plaintiff did not submit an application to Defendants

providing permission for Defendants to request Plaintiff's credit reports. Deny the remainder of this allegation.

31. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

32. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

33. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

34. Admit that the Agreement to Pay Assessment and Finance Improvements was signed by Plaintiff on August 10, 2016. Deny the remainder of the allegation.

35. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

36. Admit.

37. Admit.

38. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

39. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

40. Deny. The Agreement to Pay Assessment and Finance Improvements called for a yearly assessment of $9,419.95.

41. Deny.

42. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

43. This allegation is too vague and overbroad to admit or deny, and on that basis, Defendants deny the allegation.

44. Admit.

45. Admit.

46. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

47. Deny this allegation accurately sets forth the mechanics of financing of PACE assessments within the County of Los Angeles.

48. Admit as to PACE financing within the County of Los Angeles.

49. Deny.

50. Deny.

51. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

52. Deny.

53. Admit that Franco Construction was an enrolled contractor for the CaliforniaFirst Program in August of 2016. Defendants have insufficient information to either admit or deny the remainder of this allegation and on that basis deny the allegation.

**FIRST CLAIM FOR TILA VIOLATION**

54. This allegation neither calls for admission or denial.

55. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

56. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

57. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

58. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

59. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

**SECOND CLAIM FOR VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

60. This allegation neither calls for admission or denial.

61. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

62. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

63. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

64. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

65. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

66. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

**THIRD CLAIM FOR CANCELLATION OF CONTRACTS**

67. This allegation neither calls for admission or denial.

68. Deny.

69. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

70. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

71. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

72. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

73. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

74. This allegation calls for speculation and on that basis Defendants deny the allegation.

75. Deny as to the Agreement to Pay Assessment and Finance Improvements.

76. Deny.

77. Deny.

78. Deny.

79. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

80. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

81. Deny as to the Agreement to Pay Assessment and Finance Improvements.

82. Deny as to the Agreement to Pay Assessment and Finance Improvements.

83. Deny as to the Agreement to Pay Assessment and Finance Improvements.

84. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants

deny the allegation.

85. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

86. Deny as to the Agreement to Pay Assessment and Finance Improvements.

87. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

88. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

89. Deny.

90. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

91. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

**FOURTH CLAIM FOR RESCISSION**

92. This allegation neither calls for admission or denial.

93. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

94. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

95. Deny.

96. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny.  To the extent a response is required, Defendants deny the allegation.

97. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny.  To the extent a response is required, Defendants deny the allegation.

98. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny.  To the extent a response is required, Defendants deny the allegation.

99. Deny.

100. Deny.

101. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny.  To the extent a response is required, Defendants deny the allegation.

102. Deny as to the Agreement to Pay Assessment and Finance Improvements.

103. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny.  To the extent a response is required, Defendants deny the allegation.

104. Deny as to Defendants.

105. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny.  To the extent a response is required, Defendants deny the allegation.

106. Deny.

107. Deny.

108. Deny.

### FIFTH CLAIM FOR FRAUD

109. This allegation neither calls for admission or denial.

110. Deny.

111. Admit..

112. Deny.

113. Deny.

114. Deny.

115. Deny.

116. Deny.

117. Deny.

## SIXTH CLAIM FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200.

118. This allegation neither calls for admission or denial.

119. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

120. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

121. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

122. Deny.

123. Deny.

## SEVENTH CLAIM FOR RESCISSION AND DAMAGES FOR INTENTIONAL MISREPRESENTATION

124. This allegation neither calls for admission or denial.

125. Deny.

126. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

127. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

128. Deny.

129. Deny.

130. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

131. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

132. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

133. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

134. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

135. Deny that Defendants have damaged Plaintiff.

136. Deny as to the Agreement to Pay Assessment and Finance Improvements.

137. Deny.

138. Deny.

139. Deny.

140. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

141. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

142. Deny.

**EIGHTH CLAIM FOR FINANCIAL ELDER ABUSE**

143. This allegation neither calls for admission or denial.

144. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

145. Defendants have insufficient information to either admit or deny this allegation and on that basis deny the allegation.

146. Deny.

147. Admit as to the Agreement to Pay Assessment and Finance Improvements.

148. Admit that the assessment payments called for by the Agreement to Pay Assessment and Finance Improvement have been made.

149. Deny.

150. Deny.

151. Deny.

152. Deny.

153. Deny.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny.

159. Deny.

160. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

161. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

162. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

**TENTH CAUSE OF ACTION FOR CANCELLATION OF TAXES[2]**

163. This allegation neither calls for admission or denial.

164. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

165. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

166. Deny.

167. This allegation calls for a legal conclusion to which Defendants have no duty to either admit or deny. To the extent a response is required, Defendants deny the allegation.

168. Deny.

## AFFIRMATIVE DEFENSES

Defendants asserts each of the following separate and independent affirmative defenses, each of which hereby incorporates by reference the allegations set forth above:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendants.

---

[2] The complaint does not contain a ninth cause of action or claim for relief.

## SECOND AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims against the County of Los Angeles to rescind or cancel the assessment lien are barred by Plaintiff's failure to exhaust administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

**(Failure to Comply with the Government Claims Act)**

Plaintiff's claims against the County of Los Angeles are barred by Plaintiff's failure to comply with the Government Claims Act. Government Code § 900 *et seq*.

## FOURTH AFFIRMATIVE DEFENSE

**(Claims Against Public Entities Barred)**

Plaintiff's claims against the County of Los Angeles are barred by Government Code § 810 *et seq*.

## FIFTH AFFIRMATIVE DEFENSE

**(Set Off)**

Plaintiff's claims for relief are barred or limited by the doctrine of setoff.

## SIXTH AFFIRMATIVE DEFENSE

**(Offset)**

Plaintiff's claims for relief are barred or limited by the doctrine of offset.

## SEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Plaintiff, by virtue of his own acts and/or the acts or omissions of others chargeable to him, is estopped from obtaining relief sought from Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The complaint should be barred due to the unclean hands of Plaintiff, by virtue of his own acts and/or the acts or omissions of others chargeable to him.

## NINTH AFFIRMATIVE DEFENSE

**(Statute of Limitations and Repose)**

The claims made in the complaint are barred as outside of the statute of limitations and/or the statute of repose for each claim.

## TENTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

Defendants allege that the proximate cause or causes of Plaintiff's alleged injuries and damages, if any, were wholly or in part the fault of Plaintiff and/or of others for whose conduct Defendants are not responsible, and said fault comparatively reduces the percentage of fault, if any, of Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

**(No Agency)**

To the extent that the loss, injuries and damage alleged by Plaintiff, if any there were, were caused by the alleged agents of Defendants, a relationship which Defendants deny, said agents, if any, exceeded the scope of their alleged agency and acted without the knowledge, consent or authorization of Defendants, and Defendants are therefore not liable for said agents' actions and/or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

**(Compliance with Governing Law)**

Defendants' compliance with the statutes, rules, regulations, and contractual obligations which govern the subject matter of this lawsuit precludes any alleged liability to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Bona Fide Error)**

Plaintiff's complaint and each claim for relief therein are precluded because Plaintiff's damages, if any exist, resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Damages Speculative)**

The damages sought by Plaintiff are speculative, and recovery by Plaintiff is therefore barred in whole or in part.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff is barred from recovery by the doctrine of laches because he knew of the purported acts or omissions. Plaintiff was fully aware of his rights against Renew (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights, to the prejudice of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Superseding and Intervening Causes)**

Plaintiff may not recover against Defendants because Plaintiff's purported damages were the proximate result of superseding and intervening causes unrelated to any act by Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Action/Negligence of Third Parties)**

Defendants are not responsible for the damages, if any, suffered by Plaintiff, and some other party, entity, or individual(s) is/are liable and responsible for any and all damages, if any, suffered by Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(No Tender)**

Plaintiff has not tendered any amounts received by virtue of the subject financing and assessment contract, notwithstanding Defendants' equitable right to such tender, in order to seek equitable relief.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

Defendants currently have insufficient knowledge or information on which to

form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants expressly reserves their right to assert additional affirmative defenses in the event that discovery indicates other affirmative defenses would be appropriate.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by reason of the complaint;
2. For judgment in Defendants' favor and dismissal of the action with prejudice;
3. For attorneys' fees against Plaintiff;
4. For costs of suit; and
5. For such other relief that the Court deems just and proper.

DATED: March 20, 2020

SEVERSON & WERSON
A Professional Corporation

By: /s/ Bernard J. Kornberg
BERNARD J. KORNBERG

Attorneys for Renew Financial Group LLC, Renew Financial I, LLC, Renew Financial Holdings Inc., and the County of Los Angeles

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On March 23, 2020, I served true copies of the following document(s):

**ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2020, at San Francisco, California.

                                                /s/ Bernard J. Kornberg
                                                Bernard J. Kornberg